THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

ANA PACHECO,

                Defendant.

CASE NO. CR20-0217-JCC-12

ORDER

This matter comes before the Court on Defendant's motion for compassionate release (Dkt. No. 799). Having thoroughly considered the briefing and record, the Court DENIES the motion for the reasons explained herein.

In March 2023, the Court sentenced Defendant to 72 months of incarceration. (*See* Dkt. No. 586.) Now, with approximately one year left, Defendant seeks a sentence reduction, citing her mother's difficulty in caring for her young children.[1] (*See generally* Dkt. No. 799.) In general, the Court may reduce a term of imprisonment if a defendant has exhausted their administrative remedies, extraordinary and compelling reasons warrant a reduction, and a

---

[1] Defendant also cites the impact of her removal status on her ability to earn time credits pursuant to the First Step Act, 18 U.S.C. § 3632(d)(4)(A). (*See generally* Dkt. No. 799.) But Defense counsel argued for a reduced sentence at the time of sentencing, in light of this possibility. (*See* Dkt. Nos. 567 at 3.) As such, the Court already considered it in crafting Defendant's present sentence. (*See* Dkt. No. 586 at 2.)

ORDER
CR20-0217-JCC-12
PAGE - 1

reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines ("USSG") § 1B1.13. The Court must also consider the factors articulated in 18 U.S.C. § 3553(a). *See* USSG § 1B1.13(a). Defendant bears the burden of making this showing. *See United States v. DeVore*, 2024 WL 3226683, slip op. at 1 (W.D. Wash. 2024).

Defendant fails to establish that her mother is so disabled as to be unable to care for the children and that no other caregiver is available. (*See* Dkt. No. 799 at 2.) This is what is needed to establish the necessary circumstances pursuant to USSG § 1B1.13(b)(3)(A) and/or (D). *See, e.g.*, *United States v. McKinney*, 2020 WL 6076898, slip op. at 5 (W.D. Wash. 2020) (discussing the needed showing to establish ordinary and compelling circumstances based on caregiver incapacitation), *United States v. Bolden*, 2020 WL 4286820, slip op. at 4 (W.D. Wash. 2020) (same). Further, even if such circumstances were present, Defendant would need to prove them. *See United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998) (describing Defendant's evidentiary burden). And Defendant presents the Court with no more than naked assertions on this issue. (*See generally* Dkt. Nos. 799, 800.)

Accordingly, Defendant cannot demonstrate that extraordinary and compelling reasons warrant a reduction in sentence. *See* USSG § 1B1.13(b)(3). Without this, the Court sees no reason to consider the remaining requirements for the relief Defendant seeks.[2]

The motion (Dkt. No. 799) is DENIED.

//

//

//

//

//

---

[2] For example, the Government takes issue with whether Defendant has, indeed, exhausted her administrative remedies. (*See* Dkt. No. 807 at 7–8.)

ORDER
CR20-0217-JCC-12
PAGE - 2

It is so ORDERED this 1st day of July 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR20-0217-JCC-12
PAGE - 3